IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| DONGGUAN QIANGU JIHUA ELECTRONICS CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> SHENZHEN CONONLUX TECHNOLOGY CO., LTD., <br><br> Defendant. | CIVIL ACTION NO.: |

**COMPLAINT**

Plaintiff Dongguan Qiangu Jihua Electronics Co., Ltd., ("DQJE" or "Plaintiff"), by and through its undersigned counsel, presents this Complaint against Defendant Shenzhen Cononlux Technology Co., Ltd., ("Defendant" or "Cononlux"), seeking declaratory judgment, among other things, that U.S. Patent No. D945,050 (the "'050 patent") is invalid, unenforceable, and not infringed by Plaintiff.

**NATURE OF THE ACTION**

1. Defendant improperly obtained U.S. Patent No. D945,050 ("the '050 Patent"), which claims the ornamental design of a lamp that was disclosed in prior art and well known in the public domain at the time of filing.

2. After improperly obtaining the invalid '050 Patent, Defendant began disseminating information through third parties, indicating its intent to file a patent infringement action and seek

injunctive relief against Plaintiff, which would result in the removal of Plaintiff's Amazon listings for lamp products during the 2025 Black Friday sales period and thereafter, causing a resultant loss of business, unless Plaintiff agreed to pay a royalty.

3. Plaintiff, an online retailer of lamps, among other things, brings this action for a judgment declaring that the '050 Patent is invalid, obtained by inequitable conduct, and not infringed by Plaintiff. Plaintiff further seeks a declaration that Plaintiff is entitled to recover any damages resulting from Defendant's wrongful threats, interference, or other misconduct.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to the Patent Act, 35 U.S.C. §§101, 102, 103 et seq., pursuant to 28 U.S.C. §§1331, 1338(a), and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202.

5. The Court has personal jurisdiction over Defendant pursuant to 35 U.S.C. §293, which provides that, in cases involving a "patentee not residing in the United States," this Court "shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally within the jurisdiction of the court."

6. Upon information and belief, Defendant is the current assignee of record of the '050 patent. Defendant is a Chinese company with its principal place of business in China and has not filed a written designation of an agent in the United States on whom may be served process or notice of proceedings affecting the patent rights of the '050 patent. Thus, Defendant is subject to this Court's personal jurisdiction under 35 U.S.C. §293.

7. Venue is proper in this judicial district under 28 U.S.C. §1391(b)(3) because Defendant is subject to this Court's personal jurisdiction under 35 U.S.C. §293. Venue is also proper under 28 U.S.C. §1391(c)(3) because a defendant that does not reside in the United States

may be sued in any judicial district.

## THE PARTIES

8. Plaintiff Dongguan Qiangu Jihua Electronics Co., Ltd is a limited liability company organized and existing under the laws of the People's Republic of China, with its principal place of business located at Room 1110, 1 Xiyi Lane, Zhongfu Street, Chang'an Town, Dongguan, Guangdong Province, China.

9. On information and belief, Defendant is also a limited liability company organized and existing under the laws of the People's Republic of China, with its principal place of business located at Building A5, A6, Langxin Industrial Park, Langxin Community, Shiyan Street, Bao'an District, Shenzhen, China.

## FACTUAL BACKGROUND

### The Existence of a Controversy

10. Plaintiff owns and operates one Amazon store TYUTE (Seller ID: C3A31E351F37). Plaintiff sells various LED lights in that Amazon store.

11. On or about September 27, 2025, a call was made through an intermediary who represented that he was with Defendant and that Defendant had advised him that it had engaged counsel and was preparing to file an infringement lawsuit alleging that Plaintiff's Amazon listing for ASIN B0D93T78D7 infringes U.S. Patent D945,050.

12. Plaintiff was further advised that Defendant planned to seek injunctive relief to take down the identified ASINs through a Schedule A action in the United States.

13. According to the information conveyed, Defendant intended to file the infringement complaint in November or December 2025, which would strategically coincide with the 2025 Black Friday retail period.

14. The communication also conveyed that Defendant expected Plaintiff to pay a royalty or lump-sum settlement to avoid enforcement.

15. The tone and content of the exchange communicated a clear threat of imminent legal action and commercial disruption directed at Plaintiff's U.S. business.

16. Plaintiff reasonably understood that failure to comply with the payment demand would result in immediate legal consequences, including but not limited to, the delisting of its Amazon listing and interference with holiday-season sales.

### Invalidity of the '050 Patent

17. The '050 patent, entitled "LAMP", issued on March 1, 2022. The '050 patent claims "the ornamental design for a lamp" and illustrates the following: *See* Exhibit A.

| '050 Patent, FIG. 1 | '050 Patent, FIG. 5 |
|---|---|
| FIG.1 | FIG.5 |

18. Upon information and belief, the '050 patent is statutorily barred by 35 U.S.C. §102 and/or §103, should not have been granted, and is invalid and unenforceable on its face since the relevant patents and/or printed publications were disclosed prior to the filing of the application leading to the '050 patent.

19. Regarding patentability of an invention under 35 U.S.C. §103: a patent may not be obtained though the invention is not identically disclosed or described as set forth in Section 102, "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made." *See* 35 U.S.C. §103.

20. To establish *prima facie* obviousness, all the claim limitations must be taught or suggested by the prior art. In determining *prima facie* obviousness, the proper standard is whether the design would have been obvious to a designer of ordinary skill with the claimed type of article. *In re Nalbandian,* 661 F.2d 1214, 211 USPQ 782 (CCPA 1981).

21. In the present case, the overall design of the claimed lamp is known in the prior art and the '050 patent is invalid in view of the same. For example, various combinations of relevant prior art US design patents such as D950137, D939131, D995879 and D557855 render the '050 patent obvious and invalid. For reference, exemplary figures from D950137 (FIG. 2) and D939131 (FIG. 1) are reproduced below. *See* Exhibit B.



| Prior Art Patent D950137 | Prior Art Patent D939131 |
|---|---|
| FIG. 2 | FIG. 1 |

22.     Moreover, multiple prior art printed publications either anticipate under §102 or render the '050 patent obvious under §103. For example, https://www.youtube.com/watch?v=ecexy9Tvdhs

6



Also, for example, https://www.amazon.com.mx/Lámpara-mando-distancia-para-dormitorio/dp/B08XZKVNLG





**Non-Infringement of the '050 Patent**

23. Moreover, under an "ordinary observer test" and in view of the extensive prior art, Plaintiff's product does not and cannot infringe the '050 patent. In view of the prior art, an ordinary observer would not find Plaintiff's LED lamp products "substantially the same" with the claimed design of the '050 patent.

24. Plaintiff's product is differentiable from the '050 patent design in, *inter alia*, surface ornamentation and the configuration of at least the claimed base portion. Plaintiff's base portion has distinctive proportions, angled lower surface, different plug location, and a three-stepped profile, among other features, that are entirely absent from the claimed design. Plaintiff's product therefore does not infringe the '050 patent.

**The '050 Patent' Unenforceability due to Inequitable Conduct**

25. On April 23, 2021, Defendant filed the application for the '050 patent with the USPTO (the "Application"). *See* Exhibit A.

26. In connection with the Application, Defendant, either directly or through its U.S. counsel, certified and submitted a micro-entity fee transmittal under penalty of perjury pursuant to 37 C.F.R §1.29, thereby claiming entitlement to significantly reduced USPTO fees. *See* Exhibit D.

27. Under 37 C.F.R §1.29, an applicant in 2021 could only qualify as a micro entity if their gross income in the preceding calendar year was less than USD $202,563. *See* Exhibit E.

28. Defendant was formed in 2014 and reported registered capital of approximately RMB ¥10 million, equivalent to over USD $1.6 million, as early as 2014. *See* Exhibit F.

29. In its 2021 annual report to the Chinese government, Defendant disclosed operational liquidity of approximately USD $900,000. *See* Exhibit C.

30. In the same year (2021), Defendant submitted a certification to the USPTO under penalty of perjury affirming that it qualified as a micro entity, which required that its gross income in 2020 be less than USD $202,563. *See* Exhibit D

31. In March 2024, during the prosecution of a separate design patent, US D1,025,448, Defendant once again claimed micro-entity status and paid a significantly reduced issue fee on that basis (which required that its 2023 gross income be less than $223,740). *See* Exhibit G.

32. Defendant now publicly claims to operate eight distinct product lines, with an annual output value between USD $5-10 million, and employs over 300 full-time staff. *See* Exhibit C.

33. Defendant also advertises operating a manufacturing facility of approximately 215,000 square feet, and markets itself as a leading supplier of LED lighting product serving

customers across Europe, North America, Asia and Australia. Exhibit C.

34. Upon information and belief, Defendant knowingly and improperly represented to the USPTO that it qualified for micro-entity status during the prosecution of the '050 Patent when it did not qualify for such status. Defendant has a pattern of claiming micro-entity status and has taken no steps to change its status with the Patent Office.

## COUNT I
### (Declaration Judgment of Invalidity of U.S. Patent, No. D945,050)

35. Plaintiff hereby realleges and incorporates all previously recited paragraphs *supra* as if fully set forth herein.

36. This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

37. The '050 patent is invalid because it does not comply with one or more of the requirements of patentability set forth in 35 U.S.C §§101 *et seq*., including, but not limited to, §102 and §103.

38. An actual, live and justiciable controversy exists between Plaintiff and Defendant, as to whether Defendant may enforce the '050 patent against Plaintiff, over which this Court has jurisdiction and may make a declaration regarding the rights and legal relations of the Parties.

39. Plaintiff requests a declaration that the '050 patent is invalid and, thus, not enforceable against Plaintiff.

40. Plaintiff is, therefore, entitled to all appropriate remedies available under 28 U.S.C §§2201-2202 and 35 U.S.C §101, *et seq.,* including but not limited to a declaratory judgment of invalidity of the '050 patent, and all other just and proper relief.

## COUNT II
**(Declaration Judgment of Non-Infringement)**

41. Plaintiff hereby realleges and incorporates all previously recited paragraphs *supra* as if fully set forth herein.

42. Upon information and belief, Defendant has alleged that Plaintiff's LED lamps infringe the claim of the '050 patent.

43. In the eyes of an ordinary observer giving such attention that typical purchasers of Plaintiff's LED lamps would give, any alleged similarities between the Plaintiff's LED lamps and the claim of the '050 patent are features that are commonly found in the prior art.

44. Plaintiff is entitled to a declaratory judgment that the Plaintiff's LED lamps cannot infringe the '050 patent either literally or under the doctrine of equivalents.

45. Plaintiff is entitled to such declaratory relief pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §2201 et sea., in the form of a judgment, that Plaintiff's LED lamps have not infringed and are not infringing upon any valid claim of the '050 patent, have not contributed to and are not contributing to infringement of any claim of '050 patent, and have not induced and are not inducing infringement upon any claim of '050 patent. Such a determination is appropriate at this time.

## COUNT III
**(Declaration Judgment of Unenforceability)**

46. Plaintiff hereby realleges and incorporates all previously recited paragraphs *supra* as if fully set forth herein.

47. This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

48. There exists an actual and justiciable controversy between Plaintiff and Defendant with respect to the alleged enforceability of the '050 patent due to the assertion of the '050 patent against Plaintiff.

49. Upon information and belief, before and during the prosecution of the '050 patent, Defendant illegally and improperly misrepresented to the USPTO that it qualified for micro-entity status in 2021.

50. Upon information and belief, Defendant again, misrepresented to the USPTO that it qualified for micro-entity status in 2024, in connection with a separate patent application U.S. Patent Application No. 29/780,424.

51. Upon information and belief, Defendant engaged in a pattern of misrepresentation with intent to deceive, repeatedly claiming micro-entity status despite having over one million dollars in registered capital, substantial operational cash flow, and an annual output value in the multi-million-dollar range.

52. Upon information and belief, had the USPTO been aware of Defendant's inequitable conduct during the prosecution of the '050 patent, it would not have allowed the '050 patent to issue.

53. In view of the foregoing, Plaintiff is entitled to a judgment declaring that the '050 patent was obtained by inequitable conduct upon the USPTO and thus is unenforceable, and that Plaintiff's LED lamps do not infringe the '050 patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A. Declaring that 1) the '050 patent is invalid and unenforceable and 2) that Plaintiff has not infringed the '050 patent;

B.	That the Court permanently enjoin Defendant, their officers, agents, servants, employees and attorneys, and all other acting for, on behalf of, or in active concert or participation with any of them, from stating, implying or suggesting that Plaintiff, or any of its LED lamps infringe the claim of the '050 patent;

C.	That the court declare that Plaintiff is free to operate without the cloud of an infringement claim by Defendant;

D.	That judgment be entered declaring that this case is exceptional in favor of Plaintiff under 35 U.S.C §285 and that Plaintiff be awarded its reasonable attorneys' fees and expenses; and

E.	Awarding Plaintiff damages due to Defendant's wrongful threats, interference, and other misconduct, in an amount to be proven at trial, including but not limited to damages arising from delisting, disrupted holiday-season sales, and any continuing harm.

F.	That Plaintiff be awarded any other relief the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable as a matter of right.

Dated: November 19, 2025               Respectfully submitted,

 /s/ Shauna M. Wertheim
Shauna M. Wertheim (VSB No. 33690)
Robert M. Hansen (VSB No. 44136)
Scott B. Amankwatia (VSB No. 95339)
**The Marbury Law Group, PLLC**
11800 Sunrise Valley
Suite 15th Floor
Reston, VA 20191
Tel: (703) 391-2900
swertheim@marburylaw.com
bhansen@marburylaw.com
samankwatia@marburylaw.com

**ATTORNEYS FOR PLAINTIFF**